UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANCIS (FRANK) GARNER, PH.D, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC NORTHWEST NATIONAL LABORATORY (AKA BATTELLE MEMORIAL INSTITUTE, an Ohio Nonprofit Corporation) and CHARLES HENAGER, <br><br> Defendants. | NO. CV-09-5056-RHW <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO REMAND WITH LEAVE TO RENEW** |

Before the Court is Plaintiff's Motion to Remand (Ct. Rec. 3). The motion was heard without oral argument.

On June 12, 2009, Plaintiff filed his complaint in Benton County Superior Court. Plaintiff is bringing state law claims for conversion and wrongful termination. In his complaint, he also alleged that Defendant Pacific Northwest National Laboratory (PNNL) terminated his family health care insurance plan without any notification, even though the plan was purchased for Plaintiff as a retiree, not a current employee. The premium was deducted from his pension and not funded by Defendant directly. Plaintiff alleged that he was incurred economic damage prior to the reinstatement after complaining about the wrongful termination of the insurance. Plaintiff also alleges that Defendant was deliberately and continuously unresponsive to inquiries by Plaintiff concerning his pension status.

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND WITH LEAVE TO RENEW ~ 1**

...

Based on these allegations, Defendant Battelle Memorial Institute removed the action to the Eastern District of Washington. Plaintiff then filed a Motion to Remand to State Court. In his briefing, Plaintiff indicates that he is willing to file an amended complaint that deletes the allegations regarding the termination of the health care plan and complaints about the pension inquiries. Plaintiff filed a proposed amended complaint, but did not file a motion seeking leave of the Court to file the amended complaint. Rather, Plaintiff indicates that he intends to file the amended complaint in Superior Court, presumably after the Court remands the case back to state court.

When determining the existence of removal jurisdiction, the court must look to the complaint as of the time the removal petition was filed. *Abada v. Charles Schwab & Co., Inc.*, 300 F.3d 1112, 1117 (9th Cir. 2002). In this case, based on the allegations concerning the health care benefits and pension plan, there is federal subject matter jurisdiction and removal was proper.

Nevertheless, Plaintiff can amend his complaint to eliminate the federal claims. *See Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490-91 (9th Cir. 1995). If and when Plaintiff files his amended complaint, the Court can make the determination as to whether it will exercise its supplemental jurisdiction to hear the remaining state claim. *See Gilmore v. Bank of New York*, 2009 WL 2031736 (S.D. Cal. July 9, 2009).

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand (Ct. Rec. 3) is **DENIED**, with leave to renew.

///
///
///
///
///

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND WITH LEAVE TO RENEW ~ 2**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 11th day of September, 2009.

*s/Robert H. Whaley*

ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2009\Garner, Francis\remand.ord.wpd

**ORDER DENYING PLAINTIFF'S MOTION
TO REMAND WITH LEAVE TO RENEW ~ 3**